**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
——————————————————————

**CHANY FULOP and ELSIE SAMUEL**
**on behalf of himself and herself**
**and all other similarly situated consumers**

     **Plaintiffs,**

**-against-**

**GENPACT SERVICES, LLC**

     **Defendant.**
——————————————————————

## CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED

1. Plaintiffs  CHANY FULOP (A/K/A Chana Fulop) and ELSIE SAMUEL seeks redress for the illegal practices of GENPACT SERVICES, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### Parties

2. Each Plaintiff is a citizen of the State of New York who resides within this Judicial District.

3. Each Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt and the Plaintiff is a natural person obligated or allegedly obligated to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in *Southgate, MI.*

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA simultaneously advances two objectives: it protects vulnerable citizens while promoting a competitive  marketplace. 15 U.S.C. § 1692(e).The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-3 (2d Cir. 1993).  In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).

10. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S. Ct. 1605,1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted); Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 996 (3d Cir. 2011).

11. Congress had found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a). It also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b). Therefore, "Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act." Lesher, 650 F.3d at 997.

12.  Thus, the intended effect of these private enforcement actions was not only to reduce the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual

privacy caused by abusive, deceptive, and unfair debt collection practices but, simultaneously, to promote a competitive marketplace for those debt collectors who voluntarily treat consumers with honesty and respect.

13.  "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'"  FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve 'the right to be treated in a reasonable and civil manner.'"  FTC, supra, 502 F.3d at 165 (emphasis added) quoting Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1324 (7th Cir. 1997).

14.  The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," Brown v. Card Serv. Ctr, 464 F.3d 450, 453n1 (3d Cir. 2006). Thus, by way of example, "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." Id. at 455.

15.  "Congress also intended the FDCPA to be self-enforcing by private attorney generals." Weiss v. Regal  Collections, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would

be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are  assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Services, Inc., 516 F.3d 85, 91 (2d Cir. 2008); and, see, Gonzales v. Arrow Fin. Services, LLC, 660 F.3d 1055 (9th Cir. 2011). Thus, "the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

16. Except where the Act expressly requires knowledge or intent, the "FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation," Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

17. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be per se violations of that section. 15 U.S.C. § 1692e(1)-(16).

## **Jurisdiction and Venue**

18. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## Nature Of The Action

20. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, et seq.

21. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

22. Plaintiff is seeking damages, and declaratory and injunctive relief.

## Violations Of The Fair Debt Collection Practices Act
## Allegations Particular to Plaintiff, Chany Fulop

23. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

24. On or about August 21, 2017, Defendant sent Plaintiff a collection letter attached as *Exhibit A*, which was an initial communication sent by the Defendant, and received by the Plaintiff.

25. On or about August 21, 2017, Defendant sent Plaintiff a collection letter attached as *Exhibit A* seeking to collect a balance allegedly incurred for personal purposes. Said letter states in part as follows:

> Amount Now Due: $136.00
>
> Your account has been referred to our office for collections by Synchrony Bank. The amount now due on your account is stated above. Your total account balance (and with it, the amount now due) may increase because of interest or other charges.

### First Count 15 U.S.C. §1692g and §1692e et seq.
### Failure to Adequately and Honestly Convey the Amount of the Debt

26. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

29. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly and accurately from the perspective of the least sophisticated consumer.

30. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest charges, late fees and/or other charges are accruing.

31. Upon information and belief, interest charges, late fees and/or other charges are accruing on the alleged debt.

32. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

33. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

34. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest charges that may cause the balance to increase at any time in the future.

35. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

36. The Letter failed to inform Plaintiff as to which amount listed is the actual amount of the debt due.

37. The Letter failed to inform Plaintiff whether the amount listed already includes "interest charges."

38. The Letter failed to inform Plaintiff whether the amount listed already includes "other charges."

39. The Letter failed to advise Plaintiff what portion of the amount listed is principal.

40. The Letter failed to inform Plaintiff whether the amount listed will increase.

41. The Letter failed to inform Plaintiff what "other charges" might apply.

42. The Letter failed to inform Plaintiff if "other charges" are applied, when such "other charges" will be applied.

43. The Letter failed to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

44. The Letter failed to inform Plaintiff of the nature of the "other charges."

45. The Letter failed to inform Plaintiff if there are "interest charges," what the amount of the accrued interest charges will be.

46. The Letter failed to inform Plaintiff if there are "interest charges," when such interest charges will be applied.

47. The Letter failed to inform Plaintiff if there are "interest charges," what the interest charges rate is.

48. The Letter failed to inform Plaintiff if there are "interest charges," the amount of money the amount listed will increase per day.

49. The Letter failed to inform Plaintiff if there are "interest charges," the amount of money the amount listed will increase per week.

50. The Letter failed to inform Plaintiff if there are "interest charges," the amount of money the amount listed will increase per month.

51. The Letter failed to inform Plaintiff if there are "interest charges," the amount of money the amount listed will increase per any measurable period.

52. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

53. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

54. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the Letter.

55. If interest charges are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest charges rate.

56. If interest charges are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest charges will be.

57. If interest charges are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest charges will be applied.

58. If interest charges are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period, or interest rate.

59. 15 U.S.C. § 1692g requires debt collectors to inform debtors of their account balance and to disclose whether the balance may increase due to interest and fees. Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

60. Defendant's collection letter violated 15 U.S.C. § 1692g by failing to include the safe harbor language set out in Avila, 817 F.3d at 76. 38. An unsophisticated consumer would be left uncertain by the said letter as to whether the account was accruing interest and/or fees or not.

61. Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794 (2 Cir. 2015). (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. §5001(a)).

62. Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

63. "In New York, a breach of contract cause of action accrues at the time of the breach."

Ely Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d

501(1993) (citations omitted).


64. "New York law provides that "[i]nterest shall be recovered upon a sum awarded

because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is

to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at

the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiffs are entitled to

prejudgment interest on the installments that were not timely paid." Kasperek v. City Wire

Works, Inc., No. 03


65. If "other charges" are continuing to accrue, the least sophisticated consumer would

not know the amount of the debt because the letter fails to indicate the nature of the "other

charges"[1].

66.The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, an

adjustment may be necessary after Defendant receives payment.

67. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, Defendant

will inform Plaintiff of the balance difference before depositing payment.

---

[1] *Carlin v. Davidson Fink LLP,* 852 F.3d 207 (2d Cir. 2017), *Balke v. All. One Receivables Mgmt.,* No. 16-cv-
5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case
refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of
interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due,
if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in
this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of
section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in *Carlin,* without any clarifying details, the Collection Letter
states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to
"accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.") consumer
knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

68. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt in the future.

69. The failure to include the foregoing information could lead the least sophisticated consumer to inaccurately interpret the message.

70. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, incomplete.

71. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, insufficient.

72. The Letter fails to indicate the applicable interest rate.

73. For instance, the Letter fails to indicate the date of accrual of interest.

74. For instance, the Letter fails to indicate the amount of interest during any measurable period.

75. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

76. The Letter fails to indicate the amount of late fees.

77. The Letter fails to indicate the date such fees will be added.

78. The Letter fails to indicate the amount of late fees during any measurable period.

79. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

80. The Letter fails to state what part of the amount stated is attributable to principal.

81. The Letter fails to state what part of the amount stated is attributable to interest.

82. The Letter fails to state what part of the amount stated is attributable to late fees.

83. The Letter fails to state what part of the amount stated is attributable to other charges.

84. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

86. The Letter fails to notify the plaintiff that interest and fees that accrue will be calculated upon the receipt of plaintiff's check and that prior to depositing plaintiff's check, plaintiff will be notified of the current balance and given the opportunity to make payment of that amount, in full satisfaction of the debt.

87. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

88. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

89. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

90. The Defendant's failures are purposeful.

91. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other charges" might apply.

92. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other charges" will be applied.

93. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

94. The Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

95. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

96. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

97. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

98. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

99. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

100. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs alleged debt.

101. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

102. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, and therefore, these materially misleading statements trigger liability under section 1692e of the Act.

103. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

104. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

105. These deceptive communications additionally violated the FDCPA since they frustrate the ability of the consumer to intelligently choose his or her response. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including concrete and particular harm, informational injury,  has been misled and suffered a loss of opportunity to exercise statutory rights, and appreciable risk of harm, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Upon information and belief, the actions of the defendant negatively affected her credit rating and her ability to obtain credit. Plaintiff and putative class members have suffered these injuries or risk of harm and are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## Violations Of The Fair Debt Collection Practices Act
## Allegations Particular to Plaintiff, Elsie Samuel

106. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

107. On or about March 28, 2018, Defendant sent Plaintiff a collection letter attached as *Exhibit B*, which was an initial communication sent by the Defendant, and received by the Plaintiff.

108. On or about March 28, 2018, Defendant sent Plaintiff a collection letter attached as *Exhibit B* seeking to collect a balance allegedly incurred for personal purposes. Said letter states in part as follows:

> Amount Now Due: $166.00
>
> Your account has been referred to our office for collections by Synchrony Bank. The amount now due on your account is stated above. Your total account balance (and with it, the amount now due) may increase because of interest or other charges.

### First Count 15 U.S.C. §1692g and §1692e et seq.
### Failure to Adequately and Honestly Convey the Amount of the Debt

109. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

110. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

111. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

112. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly and accurately from the perspective of the least sophisticated consumer.

113. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest charges, late fees and/or other charges are accruing.

114. Upon information and belief, interest charges, late fees and/or other charges are accruing on the alleged debt.

115. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

116. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

117. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest charges that may cause the balance to increase at any time in the future.

118. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

119. The Letter failed to inform Plaintiff as to which amount listed is the actual amount of the debt due.

120. The Letter failed to inform Plaintiff whether the amount listed already includes "interest charges."

121. The Letter failed to inform Plaintiff whether the amount listed already includes "other charges."

122. The Letter failed to advise Plaintiff what portion of the amount listed is principal.

123. The Letter failed to inform Plaintiff whether the amount listed will increase.

124. The Letter failed to inform Plaintiff what "other charges" might apply.

125. The Letter failed to inform Plaintiff if "other charges" are applied, when such "other charges" will be applied.

126. The Letter failed to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

127. The Letter failed to inform Plaintiff of the nature of the "other charges."

128. The Letter failed to inform Plaintiff if there are "interest charges," what the amount of the accrued interest charges will be.

129. The Letter failed to inform Plaintiff if there are "interest charges," when such interest charges will be applied.

130. The Letter failed to inform Plaintiff if there are "interest charges," what the interest charges rate is.

131. The Letter failed to inform Plaintiff if there are "interest charges," the amount of money the amount listed will increase per day.

132. The Letter failed to inform Plaintiff if there are "interest charges," the amount of money the amount listed will increase per week.

133. The Letter failed to inform Plaintiff if there are "interest charges," the amount of money the amount listed will increase per month.

134. The Letter failed to inform Plaintiff if there are "interest charges," the amount of money the amount listed will increase per any measurable period.

135. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

136. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

137. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the Letter.

138. If interest charges are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest charges rate.

139. If interest charges are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest charges will be.

140. If interest charges are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest charges will be applied.

141. If interest charges are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period, or interest rate.

142. 15 U.S.C. § 1692g requires debt collectors to inform debtors of their account balance and to disclose whether the balance may increase due to interest and fees. Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

143. Defendant's collection letter violated 15 U.S.C. § 1692g by failing to include the safe harbor language set out in Avila, 817 F.3d at 76. 38. An unsophisticated consumer would be left uncertain by the said letter as to whether the account was accruing interest and/or fees or not.

144. Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794 (2 Cir. 2015).(Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. §5001(a))).

145. Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

146. "In New York, a breach of contract cause of action accrues at the time of the breach." <u>Ely Cruikshank Co. v. Bank of Montreal</u>, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501(1993) (citations omitted).

147. "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." <u>Kasperek v. City Wire Works, Inc.</u>, No. 03

148. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "other charges"[2].

149. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendant receives payment.

150. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

---

[2] _Carlin v. Davidson Fink LLP_, 852 F.3d 207 (2d Cir. 2017), _Balke v. All. One Receivables Mgmt._, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in _Carlin_, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.") consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

151. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable the consumer to determine what she will need to pay to resolve the debt in the future.

152. The failure to include the foregoing information could lead the least sophisticated consumer to inaccurately interpret the message.

153. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, incomplete.

154. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, insufficient.

155. The Letter fails to indicate the applicable interest rate.

156. For instance, the Letter fails to indicate the date of accrual of interest.

157. For instance, the Letter fails to indicate the amount of interest during any measurable period.

158. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

159. The Letter fails to indicate the amount of late fees.

160. The Letter fails to indicate the date such fees will be added.

161. The Letter fails to indicate the amount of late fees during any measurable period.

162. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

163. The Letter fails to state what part of the amount stated is attributable to principal.

164. The Letter fails to state what part of the amount stated is attributable to interest.

165. The Letter fails to state what part of the amount stated is attributable to late fees.

166. The Letter fails to state what part of the amount stated is attributable to other charges.

167. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

168. The Letter fails to notify the plaintiff that interest and fees that accrue will be calculated upon the receipt of plaintiff's check and that prior to depositing plaintiff's check, plaintiff will be notified of the current balance and given the opportunity to make payment of that amount, in full satisfaction of the debt.

169. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

170. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

171. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

172. The Defendant's failures are purposeful.

173. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other charges" might apply.

174. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other charges" will be applied.

175. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

176. The Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

177. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

178. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

179. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

180. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

181. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

182. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs alleged debt.

183. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

184. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false

representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, and therefore, these materially misleading statements trigger liability under section 1692e of the Act.

185. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

186. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

187. These deceptive communications additionally violated the FDCPA since they frustrate the ability of the consumer to intelligently choose his or her response. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including concrete and particular harm, informational injury, has been misled and suffered a loss of opportunity to exercise statutory rights, and appreciable risk of harm, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Upon information and belief, the actions of the defendant negatively affected her credit rating and her ability to obtain credit. Plaintiff and putative class members have suffered these injuries or risk of harm and are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## **Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

A. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

B. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

C. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases. The said letter is a standardized form letter.

D. This cause of action is brought on behalf of Plaintiff and the members of a class.

E. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about one year prior to the date of the collection letter; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the Defendant; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10) and 1692e(11).

F. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

1. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

2. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

3. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

4. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

5. The Plaintiff will fairly and adequately represent the class members' interest charges. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interest charges are consistent with those of the members of the class.

G. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest charges of judicial economy.

H. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

I. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

J. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

K. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

Dated: Nassau, New York
April 15, 2018

/s/ Jacob Silver
_____

Jacob Silver
Attorney At Law
237 Club Dr.
Woodmere, NY 11598
(718) 855-3835
(718) 534-0057 – Fax
silverbankruptcy@gmail.com